*1339 Young, J.,
dissenting:
I disagree with both the reasoning and the result of the majority opinion, and therefore dissent.
The majority claims that the malpractice action did not accrue until dismissal of the underlying litigation because no legal damages had been sustained. However, we have previously held in Gonzales v. Stewart Title, 111 Nev. 1350, 1353, 905 P.2d 176, 178 (1995), that the “exact numerical extent of those damages” need not be determined to begin the running of the statute of limitations. The litigant merely had to know or should have known of the existence of damages to start the statute of limitations running.[1]
The majority concludes that Gonzales and Charleson are inap-posite because they are transactional rather than litigational malpractice cases. However, Gonzales specifically held that it was not distinguishing between transactional and litigational malpractice cases. Gonzales, 111 Nev. at 1354, 905 P.2d at 179. Therefore, the majority today overrules Gonzales to that extent.
I believe that there is no reason to differentiate between attorney malpractice actions that occur in the context of litigation and those that arise out of a transactional setting for purposes of determining the running of the statute of limitations. In either case, a cause of action for attorney malpractice should begin to run when the litigant knows or should have known of the existence of any damages. “Public policy encourages litigants to bring their actions to an end as quickly as possible, hence the existence of statutes of limitations.” Id. at 1352, 905 P.2d at 177.
The legislature did not feel it necessary to distinguish between transactional malpractice actions and litigational malpractice actions. Why should this court do so now? The majority fails to provide any explanation as to why this court should adopt two separate rationales concerning the statute of limitations for attorney malpractice in transactional and litigational cases. My colleagues also do not point out how overruling Gonzales will make the law in this area better. In my view, the result of the majority’s opinion will be confusion for the practicing attorney.
*1340 I conclude that there is no reason to disturb the rationale of Gonzales, and the majority provides no analysis or reasoning to persuade me otherwise. I still believe today, as I did in Gonzales, that a litigant “sustains damages” when he or she discovers their existence, not when damages are calculated to an exact dollar amount. Here, the Kopickos knew or should have known of the existence of damages when Young advised them that they might have an action against him due to his failure to name the correct defendants in their complaint. Hence, under Gonzales, the four-year statute of limitations began to run, at the very latest, on February 13, 1991, thereby barring the Kopickos’ claim filed on October 16, 1995.
For the reasons discussed above, I respectfully dissent.

 Chief Justice Springer’s concurrence concludes that K.J.B. disposes of the issue at bar because that case holds that damages in litigational malpractice suits are not sustained until the conclusion of the underlying litigation. However, in Gonzales, which was decided four years after K.J.B., this court suggested that a plaintiff “ ‘sustains damage’ by assuming the expense, inconvenience and risk of having to maintain such litigation, even if he wins it.” Gonzales v. Stewart Title, 111 Nev. 1350, 1354, 905 P.2d 176, 179 (1995). This court went on to say that other statutory limitations are not tolled in order to wait for damages to accrue to a sum certain. Hence, I conclude that the rule in Gonzales should be followed over that in K.J.B.